```
1
2
3
4
5
6
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY L. BROWN, JR., | | |
| | Plaintiff, | No. 2:11-cv-0389 DAD (PC) |
| vs. | | |
| IGI C/O WHEELER, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for preliminary injunction seeking an order prohibiting defendants from retaliating against him during the pendency of these proceedings, requiring the warden of High Desert State Prison to have plaintiff transferred to another Level IV prison facility, and requiring prison officials to return plaintiff's property to him.

      The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973); see also Fed. R. Civ. P. 65; Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir.1989).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1

favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). See also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009). The Ninth Circuit has found, however, that the "serious question" version of this circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." 632 F.3d at 1135. Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

This action is proceeding on plaintiff's claims that he was subjected to the excessive use of force and an unlawful body cavity search as raised in his original complaint, which was entered on the docket in this action on February 11, 2011. Plaintiff's motion for injunctive relief is based on alleged events that occurred on May 19, 2011 and that are not included in his complaint. Because the claim raised in the pending motion is not part of the underlying complaint, it will not be given a hearing on the merits at trial. Moreover, plaintiff has not presented any evidence that he has attempted to use prison grievance procedures to remedy the alleged wrongful deprivation of his legal material. Plaintiff is not presently subject to any court-ordered deadlines in this action and thus may first use prison grievance procedures without suffering any cognizable irreparable injury to his ability to prosecute this action.

/////

1	For the foregoing reasons, plaintiff's motion for preliminary injunction should be
2	denied.
3	In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
4	Court is directed to assign this action to a United States District Judge; and
5	IT IS HEREBY RECOMMENDED that plaintiff's June 6, 2011 motion for an
6	order requiring that he be transferred and for other injunctive relief be denied.
7	These findings and recommendations are submitted to the United States District
8	Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9	days after being served with these findings and recommendations, plaintiff may file written
10	objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11	Findings and Recommendations."  Any response to the objections shall be filed and served
12	within fourteen days after service to the objections.  Plaintiff is advised that failure to file
13	objections within the specified time may waive the right to appeal the District Court's order.
14	Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15	DATED: August 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
brow0389.pi

3