IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY L. BROWN,

       Plaintiff,               No. CIV S-11-0389 GEB DAD P

  vs.

IGI C/O WHEELER, et al.,

       Defendants.      ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 23, 2011 motion for appointment of counsel (Docket No. 26) is denied.

DATED: October 3, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:md
brow0389.31

2