IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BROWN, JR., | |
|     Plaintiff, | No. 2:11-cv-0389 DAD (PC) |
|   vs. | |
| IGI C/O WHEELER, et al., | <u>ORDER SETTING</u> |
|     Defendants. | <u>SETTLEMENT CONFERENCE</u> |
|                                   / | |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c).

      On March 14, 2013, the undersigned issued an order directing the parties to inform the court if they wished to proceed with a mandatory settlement conference before the undersigned magistrate judge or have the case referred to the court's mediation program for assignment of a settlement judge.  (ECF No. 56.)  On March 25, 2013, plaintiff filed a waiver to have the undersigned preside over a settlement conference in this case.  (ECF No. 57.)  On April 4, 2013, defendants filed a request to have the settlement conference before a judge other than the Magistrate Judge assigned to the case.  (ECF No. 58.)

/////

1	Good cause appearing, this case will be referred to Magistrate Judge Carolyn K.
2	Delaney to conduct a settlement conference June 21, 2013 at 9:30 a.m. at the U. S. District Court,
3	501 I Street, Sacramento, California 95814 in courtroom #24.  A separate order and writ of
4	habeas corpus ad testificandum will issue concurrently with this order.

5	In accordance with the above, IT IS HEREBY ORDERED that:

6	1. This case is set for a settlement conference before Magistrate Judge Carolyn K.
7	Delaney on June 21, 2013, at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento,
8	California 95814 in Courtroom #24.

9	2. Defendants' lead counsel and a person with full and unlimited authority to
10	negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

11	3. Those in attendance must be prepared to discuss the claims, defenses and
12	damages.  If any counsel, party or authorized person subject to this order fails to appear in person
13	the settlement conference will not proceed and will be reset to another date.  In addition, any
14	such failure may result in the imposition of sanctions.

15	4. Each party shall provide a confidential settlement conference statement to
16	Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ."  United States v. United States District Court for the Northern Mariana Islands, __F.3d__, 2012 WL 3984406 at *1, *4 (9th Cir. Sept. 12, 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6  F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

1  spark@caed.uscourts.gov, so they arrive no later than June 13, 2013 and file a Notice of
2  Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).
3         Settlement statements **should not be filed** with the Clerk of the court **nor served**
4  **on any other party**.  Settlement statements shall be clearly marked "confidential" with the date
5  and time of the settlement conference indicated prominently thereon.
6         The confidential settlement statement shall be **no longer than five pages** in
7  length, typed or neatly printed, and include the following:
8         a. A brief statement of the facts of the case.
9         b. A brief statement of the claims and defenses, i.e., statutory or other
10 grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of
11 prevailing on the claims and defenses; and a description of the major issues in dispute.
12        c. A summary of the proceedings to date.
13        d. An estimate of the cost and time to be expended for further discovery,
14 pretrial, and trial.
15        e. The relief sought.
16        f. The party's position on settlement, including present demands and
17 offers and a history of past settlement discussions, offers, and demands.
18        g. A brief statement of each party's expectations and goals for the
19 settlement conference.
20 DATED: April 19, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
brow11cv0389.set